**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marcus L. WELTON, Defendant– Appellant.**

No. 08–3799.

United States Court of Appeals, Seventh Circuit.

May 28, 2010.

Meredith P. Duchemin, Attorney, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Erika L. Bierma, Attorney, Federal Defender Services, Madison, WI, for Defendant–Appellant.

Before FRANK H. EASTERBROOK, Chief Judge, WILLIAM J. BAUER, Circuit Judge and TERENCE T. EVANS, Circuit Judge.

### Order

Our prior opinion, 583 F.3d 494 (7th Cir.2009), affirmed Welton's sentence after concluding that the principle of *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), does not apply to the career-offender Guideline, U.S.S.G. § 4B1.1. While Welton's petition for certiorari was pending, we overruled the panel's opinion in this case. *United States v. Corner,* 598 F.3d 411 (7th Cir. 2010) (en banc). The Supreme Court then granted Welton's petition and remanded with instructions to reconsider in light of *Corner.* No. 09–8367 (U.S. Mar. 20, 2010).

Welton contended in the district court that the principle of *Kimbrough* applies to § 4B1.1, and *Corner* holds that this position is correct. The district court erred in thinking otherwise (though the district judge is not responsible for this error, which was based on earlier decisions that *Corner* overruled). In a post-remand filing under Circuit Rule 54, the United States contends that the judge's error was harmless. But the burden of demonstrating harmless error is on the prosecutor, and it is not evident to us that the district judge was determined to impose the same sentence without regard to the effect of *Kimbrough* on § 4B1.1.

A remand for resentencing is the best way to find out. If, as the United States contends, *Corner* does not affect Welton's sentence, the district judge has only to say so. But if it does affect the exercise of discretion in sentencing, Welton is entitled to the benefit.

Welton's sentence is vacated, and the case is remanded for resentencing consistent with *Kimbrough* and *Corner.*